UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

JASON C. PRICE                                                    CASE NO. 12-52719
DORA C. PRICE

DEBTORS

**MEMORANDUM OPINION AND ORDER**

The narrow issue before the Court is whether the Court is prohibited from considering amendments to original bankruptcy schedules in determining whether a debtor's debts are "primarily consumer debts" within the meaning of § 707(b) of the Bankruptcy Code. The Court finds there is no such *per se* prohibition.

The Debtors herein, Jason and Dora Price, filed a Chapter 7 voluntary petition on October 22, 2012 in which they stated that their debts were primarily consumer debts. Six months following the petition date, after three agreed extensions and a Rule 2004 Exam, three filings were made:

(1) The U.S. Trustee filed a Motion to Dismiss Case for Abuse pursuant to 11 U.S.C. § 707(b)(1) ("Motion") [Doc. 31] arguing that: (a) the Debtors' debts are primarily consumer debts; and (b) the Debtors have excessive expenses, and with some "belt tightening," the Debtors would have sufficient disposable income to fund a Chapter 11 plan.

(2) The Debtors amended Schedule F [Doc. 32] to add new creditors holding nonpriority unsecured debt arising from their business franchise agreements in the amount of $439,000.00.

(3) The Debtors amended their voluntary petition [Doc. 33] to change the designation of their debts from primarily consumer debts to primarily business debts.

In support of his Motion, the U.S. Trustee argues that the Debtors are bound by their original

petition and schedules and that their amended petition and schedules may not be considered to

determine whether the Debtors' debts are primarily consumer debts.   In response, Debtors

argue that there is no *per se* rule limiting the Court's consideration to only the original filings.

Amendments, they argue, filed to correct "mistakenly omitted contracts and liabilities," may be

considered and control the determination of the nature of a debtor's debts.  If the Debtors'

amendments are considered, the U.S. Trustee cannot prevail on his § 707(b) claim which only

applies in cases where the Debtors' "debts are primarily consumer debts."  Following a hearing

held on June 13, 2013 [Doc. 37], the Motion was submitted for decision.

<u>Analysis</u>

Section 707(b)(1) of the Bankruptcy Code provides a mechanism for the dismissal of a

chapter 7 bankruptcy case when the court finds that the granting of relief would be an abuse of

the provisions of chapter 7; however, § 707(b)(1) only applies to a debtor whose debts are

"primarily consumer debts."  11 U.S.C. § 707(b)(1).  Thus, whether the debts at issue here are

primarily consumer debts is a threshold issue underlying the U.S. Trustee's Motion.

The Debtors rely on <u>In the Matter of Pearson</u>, 773 F.2d 751 (6th Cir. 1985) which held

that in determining whether debtors meet chapter 13 eligibility a court should rely primarily on

the debtor's schedules, checking only to see if the schedules were made in good faith.  In

<u>Pearson</u>, the debtors amended their schedules to change the amount due to scheduled

creditors (from "unknown") to comport with the creditors' proofs of claims, thereby causing the

creditor to claim that debtors exceeded the unsecured debt limitation to be eligible for chapter

13.  In <u>Pearson</u>, the Sixth Circuit adopted the approach that "[A] court should rely primarily upon

the debtor's schedules checking only to see if the schedules were made in good faith on the

theory that section 109(e) considers debts as they exist at the time of the filing, not after a

hearing…" <u>Id</u>. at 756.  Of course in <u>Pearson</u>, the court wrestled with the meaning of liquidated

debt and whether the value of collateral should be determined and applied to apportion a debt

2

into its secured and unsecured components for chapter 13 eligibility purposes.  In reaching its

conclusion, the Sixth Circuit focused on "the state of the Debtors' affairs as it reasonably

appeared on the date of filing." Id. at 758.  Pearson clearly prohibits consideration of

amendments that reflect post-petition events.

In U.S. Trustee v. Mohr, 436 B.R. 504 (S.D. Ohio 2010), the Court applied the Pearson

analysis to the § 707(b) threshold "nature of the debt" issue.  Interestingly, in Mohr, the U.S.

Trustee argued that the amount of an allowed claim under § 502(b)(6) as opposed to the

amount of the scheduled claim amount should control the nature of the debt determination. The

Court disagreed.   Mohr is silent as to the effect of an amendment to schedules on this

determination.  In In re Hernandez, 2011 WL 1541691 (Bankr. E.D. Ky. Apr. 21, 2011) this Court

followed Mohr, and concluded that the Pearson analysis regarding threshold chapter 13

eligibility issues applies to the § 707(b) threshold determination; i.e., whether debts are primarily

consumer debts.

In Hernandez, the debtors designated their debts as primarily consumer debts in their

original petition.  A creditor then moved to dismiss the case pursuant to § 707(b).  Without

amending their schedules, the debtors responded by amending their petition to designate their

debts as primarily business debt claiming that the debt owed to the creditor was a business

debt.  Although the creditor agreed its claim was a business debt, it argued that the claim

amount was less than the scheduled amount and therefore, the debtors still had "primarily

consumer debts."  Following Mohr, the Court denied the motion to dismiss holding that it was

bound by the claim amounts listed in the debtors' schedules in making the determination of

whether the debts were primarily consumer debts within the meaning of § 707(b).  Hernandez is

silent as to the effect of an amendment adding creditors on the threshold § 707(b)

determination.

There is no implication in Pearson, Mohr, or Hernandez that a debtor may not freely

amend schedules if the amendment is in good faith, and there is no per se rule in any of these

cases limiting the § 707(b) threshold inquiry to incorrect schedules without consideration of correcting amendments.  See generally In re: Faulhaber, 269 B.R. 348, 352-353 (Bankr. W.D. Mich. 2001) (Pearson does not require courts to ignore amendments which correct "mistakes").

Taken as a whole, these authorities instruct that amendments to add creditors, if made in good faith, may be considered in making the "nature of the debt" determination for purposes of § 707(b).  Here, if the U.S. Trustee contends either that the original schedules or the amendments thereto, were not made in good faith, an evidentiary hearing will be required.

IT IS HEREBY ORDERED that if the U.S. Trustee contends either that the Debtors' omission of creditors or the amendments to their schedules to add creditors were not made in good faith, then the U.S. Trustee may supplement the record within 14 days with such allegations and the Court will schedule an evidentiary hearing.  If the record is not timely supplemented, the U.S. Trustee's Motion to Dismiss Case for Abuse [Doc. 31] shall be deemed DENIED with prejudice.

4

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
***Tracey N. Wise***
**Bankruptcy Judge**
**Dated: Tuesday, August 06, 2013**
**(tnw)**